**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **LATASHA M. COTTON** | : |
| **1732 Capital Avenue #3** | |
| **Washington, D.C. 20002,** | : |
| | |
| **Plaintiff,** | : |
| | |
| **v.** | :     **Case No.:** |
| | |
| **DISTRICT OF COLUMBIA GOVERNMENT** | : |
| **(A Municipal Corporation)** | |
| | : |
| **Serve: Honorable Anthony Williams,** | |
| **District of Columbia Government** | : |
| **1350 Pennsylvania Avenue N.W.** | |
| **Washington, D.C.  20004** | : |
| | |
| **Serve: Office of the Attorney General for the District** | : |
| **of Columbia** | |
| **444 4th Street N.W. 6th Floor South** | : |
| **Washington, D.C. 20001** | |
| | : |
| **CHIEF CHARLES RAMSEY,** | |
| **in his Official Capacity as Chief of Police** | : |
| **of the Metropolitan Police Department,** | |
| **Washington D.C.** | : |
| **300 Indiana Avenue N.W.** | |
| **Washington, D.C. 20001** | : |
| | |
| **OFFICER DAVID C. WALLACE, Badge # 1246,** | : |
| **In his Official and Individual Capacity** | |
| **Metropolitan Police Department** | : |
| **Fifth District** | |
| **1805 Bladensburg Road N.E.** | : |
| **Washington, D.C. 20002** | |
| | : |
| **JOHN DOE, SUPERVISOR #1** | |
| **In his Official and Individual Capacity** | : |
| **Metropolitan Police Department** | |
| **Fifth District** | : |
| **1805 Bladensburg Road N.E.** | |
| **Washington, D. C.  20002** | |

**JOHN DOE, SUPERVISOR #2**
**In his Official and Individual Capacity**                    :
**Metropolitan Police Department**
**Fifth District**                                            :
**1805 Bladensburg Road N.E.**
**Washington, D. C.  20002**

**JOHN DOE #3**
**In his Official and Individual Capacity**                    :
**Metropolitan Police Department**
**Fifth District**                                            :
**1805 Bladensburg Road N.E.**
**Washington, D. C.  20002**

**JOHN DOE #4**
**In his Official and Individual Capacity**                    :
**Metropolitan Police Department**
**Fifth District**                                            :
**1805 Bladensburg Road N.E.**
**Washington, D. C.  20002**

      **Defendants.**
_____:

## COMPLAINT

      **COMES NOW** plaintiff, Latasha M. Cotton, by and through counsel,

DuBoff & Associates, Chartered and Donna Williams Rucker, Esquire, and sues the

defendants District of Columbia Government, Chief Charles Ramsey, Officer David C.

Wallace, John Doe, Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe

#4, and for grounds states as follows:

## JURISDICTION

      1.    This cause of action arose in the District of Columbia and brought

pursuant to 42 U.S.C. §1983, §1986, §1988, §1981, 42 U.S.C. §2000 (e), the Fourth and

Fourteenth Amendments to the United States Constitution and under the laws of the

District of Columbia in that the defendants acted to discriminate against plaintiff and to

deprive plaintiff of her constitutional rights under color of law. The State claims are proper based upon Supplemental Jurisdiction. Venue is proper in that the acts complained of herein occurred within the District of Columbia.

## PARTIES

2.      The defendant District of Columbia Government [hereinafter "the District] is a municipal corporation, authorized by law to sue and to be sued and all times relevant hereto employed the defendants Chief Charles Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4,  as members of the Metropolitan Police Department of Washington, D.C.

3.      Defendant Charles Ramsey [hereinafter "Ramsey"] is the Chief of the Metropolitan Police Department of Washington D.C. and at all times relevant hereto acted as an employee and/or agent of the defendant District of Columbia Government.

4.      Defendants David C. Wallace [hereinafter "Wallace"], John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, are police officers assigned to the Fifth District of the Metropolitan Police Department of Washington, D.C. and all times relevant hereto acted as an employee and/or agent of the defendant District.

5.      Written notice of this claim has been provided to the defendant District as required by Section §12-309 of the District of Columbia Code.

## FACTS

6.      On or about June 7th, 2004, at approximately 10:00 p.m. the plaintiff was outside her residence and a neighbor approached her and involved her in a verbal

altercation.  At some point the neighbor brandished a knife and threatened plaintiff who ran away out of fear for her life and her safety.

7.    During this situation, a uniformed police officer, Officer David C. Wallace, arrived on the scene.

8.    Upon his arrival, the neighbor who still held the knife in her hand,  went back inside the apartment building in which she and plaintiff lived located at 1723 Capital Avenue N.E., Washington, D.C..

9.    Immediately upon defendant Wallace's approach to the location, he was advised by several bystanders that the plaintiff had been threatened by a person with a knife and that person had ran into 1723 Capital Avenue N.E..

10.    Notwithstanding what was reported by the witnesses, defendant Wallace approached the plaintiff and from the side and grabbed her.

11.    Without speaking to plaintiff, the defendant Wallace placed his foot in front of the plaintiff's feet and then pushed the back of her head forward, violently forcing her body forward, thereby tripping plaintiff and causing her to fall, face first, hard to the ground, incurring physical injuries that required medical care and attention.

12.    Plaintiff attempted to roll over and get up, and at the same time plaintiff was asking the officer what was going on.

13.    Defendant Wallace threatened plaintiff by placing his hand on his baton and he told plaintiff to stay on the ground.

14.    Defendant Wallace then placed the plaintiff in hand cuffs and forced her to stand by yanking on the cuffs, causing plaintiff intense pain.

4

15.     Plaintiff Wallace informed defendant Wallace that she had been threatened with a knife and identified the person who had done so and provided her apartment number. Plaintiff further advised defendant Wallace that this person had fled into the apartment building upon his arrival.

16.     The person identified by the plaintiff and several on lookers came back out of the apartment building, without the knife, in view of defendant Wallace and began to verbally harass and threaten the plaintiff.

17.     Despite being advised by several individuals that this person had threatened plaintiff with a knife, defendant Wallace failed to arrest the person or investigate plaintiff's complaint.

18.     Defendant Wallace, instead forcefully transported plaintiff, who was still in handcuffs, to an abandoned building next to her apartment building, and after sitting plaintiff down, told her she had five minutes to leave the area or she would be arrested and her children turned over to Child Protective Services.

19.     Defendant Wallace was approached by plaintiff's sister who told Wallace that plaintiff had anxiety and was not well able to handle matters like this, and that whatever he wanted they would do.

20.     Defendant Wallace told plaintiff's sister that he needed to hear from plaintiff that she would do whatever he wanted before he would take off the handcuffs.

21.     Plaintiff, who was obviously in shock over this matter, told Officer Wallace that she would do whatever he wanted.

22.     Defendant Wallace released plaintiff, but only on the condition that she return to her home, get her clothes, and leave her residence with her kids.  If she did not

do this, plaintiff was told that she would go to jail, and her kids would be taken away from her permanently.

23.    Defendant Wallace remained at the scene, and waited in his patrol car for plaintiff, to leave her residence with her children, under the threat of being arrested and her children removed, by the defendant Wallace.

## COUNT I
### (42 U.S.C. 1983 Violations)

24.    Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 23, inclusive, as if fully set forth herein, and further alleges:

25.    Plaintiff had constitutionally protected interests, including a right to Due Process, to be free from unreasonable searches and seizures and from use of excessive force by defendants, and for equal protection of the laws guaranteed by the United States Constitution.

26.    Defendants violated plaintiff's rights and deprived plaintiff of other privileges and immunities guaranteed by the United States Constitution, including the 4th, 14th Amendments to the Constitution, when a uniformed member of the Metropolitan Police Department for the District of Columbia, Officer David C. Wallace, while acting under the color of law, and in the course of and in the scope of his employment, falsely imprisoned, and falsely arrested plaintiff without probable cause, and used excessive force in doing so. Defendant Wallace was acting pursuant to the policies, procedures and customs then in effect within the Metropolitan Police Department for the District of Columbia.

26.    Plaintiff is entitled to recover, pursuant to 42 U.S.C. §1983, for all Constitutional violations committed, and/or for when her rights were violated, and she was subjected to an unreasonable search and seizure, excessive force, denied Due Process, and falsely arrested, imprisoned.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

a.    compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00**);

b.    as against defendants Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and;

c.    as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

d.    for such other and further relief jointly and severely as the Court deems just and proper.

## <u>COUNT II</u>
### (42 U.S.C.  Sections 1981, 1985 and 1986)

27.    Plaintiff hereby incorporates, by mention hereto, paragraphs 1 through 26, inclusive, as if fully set forth herein and further alleges:

28.     Plaintiff, an African-American female, was subjected to pervasive and intentional discrimination by defendants when defendant Wallace approached her without reasonable suspicion or probable cause, she was tripped and thrown to the ground, and then

hand cuffed, assaulted, and transported plaintiff against her will to a vacant building and ordered to leave her home or risk arrest and having her children taken from her.

29.    Based solely, upon her race (Black), and while acting under color of law, defendant Wallace (White) unlawfully detained plaintiff, falsely arrested and falsely imprisoned plaintiff, assaulted plaintiff while using excessive force in total disregard of plaintiff's Constitutional rights including Due Process thereby depriving plaintiff of equal protection under the law.

30.    Defendants violated plaintiff's rights by their obvious acts and omissions including the use excessive force, or otherwise cause bodily harm by their acts and omissions.

31.    Defendants District and Ramsey were aware, or should have been aware of the deprivation of plaintiff's rights and failed to adequately investigate or otherwise act to prevent the same.

32.    Based upon her race and in violation of her rights, plaintiff was singled out, arrested, beaten, and denied proper medical attention, and forced to leave her home, while in the care and custody of defendant Wallace, who knew or should have known, that his actions were illegal.

33.    Defendants District and Ramsey acted in a concerted effort, by its tacit approval of defendant Wallace's actions, and with actual knowledge of the deprivation of Plaintiff's rights, privileges and immunities, and with the intent to deprive plaintiff of the equal protection of the law.

34.    As a direct and proximate result of the intentional acts and omissions on the part of District of Columbia the plaintiff sustained serious injuries as well as

psychological distress and mental anguish; incurred substantial medical bills and related health care costs and the loss of future earnings, without any negligence on her part contributing thereto.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

    a.    compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**;

    b.    as against defendants Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally punitive damages in the amount, punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

    c.    as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

    d.    for such other relief as the Court deems just and appropriate as against all defendants, jointly and severely.

## <u>COUNT III</u>
### (False Arrest & False Imprisonment)

35.    Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 34, inclusive, as if fully set forth herein and further alleges:

36.    Defendant Wallace arrested plaintiff, without probable cause and/or reasonable suspicion, imprisoned her by placing her in handcuffs and forcing her to move, against her will, to a nearby vacant building. Plaintiff at no time consented to her detention or restriction, which lasted for an unreasonable period of time.

9

37.    Despite the fact that there was no lawful reason to arrest or detain plaintiff, defendant Wallace forcibly tripped plaintiff to the ground, handcuffed her, raised her to her feet by pulling on the handcuffs, moved her to a vacant building and ordered plaintiff to leave her home or she would be charged and her children taken into away from her. Defendant Wallace used unnecessary, excessive and illegal force to effect the illegal arrest and detained plaintiff against her will.

38.    Plaintiff sustained physical, psychological and emotional injuries, and was humiliated in front of her small children and neighbors when she was illegally arrested by defendant Wallace, who knew, or should have known, that said arrest was without cause and illegal.

39.     Defendant Wallace's actions against the plaintiff were done with malice and his conduct was intentional  and egregious.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

a.    compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00**);

b.    as against defendants Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for punitive damages in the amount of  **TWO MILLION DOLLARS ($2,000,000.00)** and

c.    as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

       d.       such other and further relief as deemed just and proper, jointly and severely.

## COUNT IV
### (Assault & Battery)

40.     Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 39, inclusive, as if fully set forth herein and further alleges:

41.     Defendant Wallace assaulted and battered plaintiff, without plaintiff's consent, when defendant grabbed plaintiff and tripped plaintiff to the ground, placed her in handcuffs, pulled the plaintiff to her feet by pulling on the handcuffs and forced her to move against her will to a vacant building.  All actions complained of, placed plaintiff in fear of bodily harm and resulted in defendant Wallace battering plaintiff.

42.     Defendant Wallace's actions were intentional and constitute, under D.C. Code §5-123.02, an assault and battery.

43.     As a result of defendant's assault and battery, plaintiff was injured and did in fact suffer physical harm, psychological and emotional injuries, and distress.

44.     Plaintiff sought, and is receiving, medical care for the injuries sustained as a result of defendant Wallace's intentional actions.

45.     Plaintiff suffered, and continues to suffer, serious physical injuries, psychological distress and emotional anguish, has incurred, and continues to incur, medical and related expenses, has lost wage earning opportunities and has suffered a severe diminishment in her quality of life, all without any negligence on the part of the plaintiff contributing thereto.

46.     Defendant Wallace carried out his actions against plaintiff with malice and his conduct was intentional, egregious and without cause or provocation on plaintiff's part.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

a.     compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.     as against defendants Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

c.     as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

d.     as against all defendants, jointly and severely, that which the Court deems just and proper.

### COUNT V
**(Negligent Infliction of Emotional Distress)**
**Defendant Wallace**

47.     Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 46, inclusive, as if fully set forth herein and further alleges:

48.     Defendant Wallace had the duty to act reasonably and with due care in his interactions with plaintiff.

49.    Nevertheless the defendant acted with such extreme and outrageous conduct when he forcibly arrested plaintiff, falsely imprisoned plaintiff, used excessive force when he tripped her to the ground by sweeping her feet from under her, and when he threatened to take plaintiff to jail take her kids if she did not comply with his request that she abandoned her home.

50.    As a direct and proximate result of defendant's negligence, plaintiff suffered extreme emotional distress and embarrassment and incurred physical injuries, all without any negligence on the part of the plaintiff contributing thereto.

51.    Defendant Wallace carried out his actions against plaintiff with malice and his conduct was intentional and egregious.

**WHEREFORE**, plaintiff demands judgment against the Defendant. Wallace for:

a.    compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.    punitive damages in the amount, punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

c.    costs and attorney's fees as well as pre and post judgment interest, and

d.    such other and further relief as this Court deems just and proper.

<u>**COUNT VI**</u>
**(Intentional Infliction of Emotional Distress)**
**Defendant Wallace**

52.    Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 51, inclusive, as if fully set forth herein and further alleges:

53.    Defendant Wallace's actions were intentional and caused plaintiff an extreme amount of emotional anguish, psychological distress, embarrassment and humiliation.

54.    These intentional acts carried out were extreme and outrageous, and included the tripping and pushing of plaintiff to the ground, placing her in handcuffs, forcing her to her feet by pulling on the handcuffs, moving plaintiff against her will to an abandoned building, forcing plaintiff to leave her home under threat of being criminally charged and having her children taken from her, all despite the fact that plaintiff was the victim of a felonious assault and no grounds existed for her arrest.

55.    As a direct and proximate result of defendant Wallace's intentional actions, plaintiff suffered physical injury, extreme psychological distress and emotional anguish, all without any negligence on the part of the plaintiff contributing thereto.

56.    Defendant Wallace carried out his actions against plaintiff with malice and his conduct was intentional and egregious.

**WHEREFORE**, plaintiff demands judgment against the Defendant Wallace for:

a.    compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.    punitive damages in the amount, punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

c.    costs and attorney's fees as well as pre and post judgment interest, and

d.    such other and further relief as this Court deems just and proper.

14

## COUNT VII
**(Negligent Supervision and *Respondeat Superior*)**
**Ramsey, District of Columbia, John Doe Supervisor #1, John Doe Supervisor #2**

57.     Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 56, inclusive, as if fully set forth herein and further alleges:

58.     Defendants District, Ramsey, John Doe Supervisor #1, and John Doe Supervisor #2,  knew, or should have known, that defendant Wallace would likely confront and be in contact with members of the public. Plaintiff is a member of the general public and it was foreseeable that she may come in contact with defendant's employees, namely defendant Wallace.

59.     Defendants District, Ramsey, John Doe Supervisor #1, and John Doe Supervisor #2's negligent failure to adequately supervise or discipline or in any other way control defendant Wallace in the exercise of his police functions, and defendant's failure to enforce the laws of the District of Columbia and the Regulations and General Orders of the Metropolitan Police Department within the Metropolitan Police Department, is evidence of a reckless lack of cautious regard for the rights of the public, including those of plaintiff, and exhibits a lack of that degree of due care which prudent and reasonable individuals would demonstrate in the execution of their office.

60.     Defendants District, Ramsey and Supervisor Doe #1 and Supervisor Doe #2's failure to adequately supervise, discipline or in any other way control defendant Wallace in the exercise of his police duties, and their failure to enforce the laws of the District of Columbia and enforce the Regulations and General Orders of the Metropolitan Police Department within the District of Columbia police force, was, and is, carried out with such reckless disregard of the consequences as to display a conscious indifference to

the danger of harm and injury, and the intention to inflict harm and injury to the citizens of the District of Columbia, to wit the plaintiff.

61.    At all times relevant hereto defendants Wallace, John Doe Supervisor #1, John Doe Supervisor #2, were employees, agents and/or servants of the District of Columbia Government and was acting within the course and scope of his employment, under the color of law, and under the supervision of the District of Columbia, Defendant Ramsey, John Doe Supervisor #1, and John Doe Supervisor #2.

62.    At all times relevant hereto defendant Ramsey was an employee, agent and/or servant of the defendant District and was charged with the proper supervision of those employees below him in the chain of command.

63.    As a part of his duties defendant Wallace prepared a number or reports, including an offense report (PD 251) describing the felonious assault upon the person of the plaintiff.

64.    The rules and regulations of the Metropolitan Police Department require that all reports be reviewed by supervisory officials for accuracy and that the reports follow the procedures established by the Office of the United States Attorney and the Metropolitan Police Department.

65.    Defendant Wallace never conducted even a cursory investigation of the criminal complaint even though the perpetrator of said act was readily available to him.

66.    Defendant Wallace was also required to prepare a Use of Force report for his actions involving plaintiff, and he never did.

67.    Unknown supervisory officials of the Metropolitan Police Department were aware of the circumstances surrounding the report filed by defendant Wallace. Two

members of the force, who identified themselves as defendant Wallace's supervisors, came out the same day of the incident and spoke to plaintiff relative to a complaint she filed against the officer. The supervisory officials are required by the regulations of the Metropolitan Police Department to report and investigate every instance of use of force by a member of the force. No such investigation was ever conducted.

68.     The supervisory officials of the Metropolitan Police Department have a duty to the citizens of the District of Columbia in general, and specifically to plaintiff, to ensure that its officers operate within the bounds of the laws of the District of Columbia, the rules and regulations of the Metropolitan Police Department and the Constitution of the United States. In not doing so they foster an atmosphere in which the belief is generated among its officers that the above described lawlessness is condoned and accepted as part of their normal duties, and they will not be held accountable for their unlawful actions, thus placing the citizens of the District of Columbia, including plaintiff, in grave peril.

69.     Members of the Metropolitan Police Department are charged with the responsibility to investigate every violation of criminal law reported to them.

70.     Defendant Wallace's actions constituted a crime under D.C. Code §5-123.02. Although the plaintiff reported this violation, no investigation was ever undertaken by the Metropolitan Police Department.

71.     Defendant Ramsey, as the Chief of Police, bears the ultimate responsibility for the enforcement of the laws of the District of Columbia and enforcement of the General Orders and Regulations of the Metropolitan Police Department.

72.    Defendant, District of Columbia, is directly liable and responsible for the acts or omissions of defendants Wallace, Ramsey, John Doe Supervisor #1, and John Doe Supervisor #2, while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*  All defendants, with deliberate indifference, failed to enforce the laws of the District of Columbia and the regulations of the Metropolitan Police Department, pertaining to the use of force by Metropolitan Police Officers, thereby creating within the Metropolitan Police Department, Washington, D.C., an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence in the belief that such acts will be condoned and justified by their superiors. Defendant District of Columbia knew, or should have known of the unlawful acts perpetrated by defendants Wallace and Ramsey, and practices prior to, and at the time of, the unlawful assault, arrest and imprisonment upon the person of plaintiff.

73.    It was the duty of the defendant District to ensure that its employees supervised the actions of those below them in the chain of command and to ensure that its employees exercised due care with their interaction with citizens, specifically plaintiff, and to act so as not to assault, falsely arrest and imprison the plaintiff, or otherwise violate her constitutional rights.  This duty was clearly breached by all of the defendants.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

a.    compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.    as against defendants Officer David C. Wallace, John Doe

Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

        c.      as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

        d.      as against all defendants, jointly and severely, that which the Court deems just and proper.

### COUNT VIII
### (Equitable Relief)

74.     Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 73, inclusive, as if fully set forth herein and further alleges:

75.     Because of the actions alleged herein, the continued employment of defendant Wallace in any capacity in which he carries any type of weapon, has the power of arrest, or operates under the color of law, presents a clear and present danger to all citizens of the District of Columbia and could result in further illegal use of force and violence by the defendant.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

        a.      as against all defendants jointly and severely , compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**;

        b.      as against defendants Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally punitive damages in the amount, punitive damages in the amount of **ONE MILLION**

**DOLLARS ($1,000,000.00)** and

      c.    as against all defendants jointly and severely, costs and attorney's fees as well as interest, and

      d.    as against all defendants, jointly and severely, that which the Court deems just and proper.

### COUNT IX
**(Negligence)**

76.    Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 75, inclusive, as if fully set forth herein and further alleges:

77.    Defendants District of Columbia, Ramsey, Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, had the duty to act reasonably and with due care in his interactions with plaintiff.

78.    Nevertheless each defendant breached their duty of care when plaintiff was falsely arrested, imprisoned, and her constitutional rights were violated.

79.    Next, the defendants failed to act reasonably and/or to investigate and/or to prevent the matter from occurring and such failure caused plaintiff injury.

80.    As a direct and proximate result of the action and/or inactions of each defendant, plaintiff suffered extreme emotional distress, embarrassment, humiliation, physical injuries, and mental distress, and other losses, without any negligence on the part of the plaintiff contributing thereto.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Ramsey, Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for:

a. compensatory damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00**);

b. as against defendants Officer David C. Wallace, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally punitive damages in the amount, punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

c. as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

d. as against all defendants, jointly and severely, that which the Court deems just and proper.


Respectfully submitted,
DuBofff & Associates, Chtd.

By:    _____
Donna Williams Rucker, 446713
METRO PLAZA ONE
8401 Colesville Road, Suite 501
Silver Spring,  Maryland  20910
(301) 495-3131


## JURY DEMAND

Plaintiff, by and through counsel, demands a trial by jury on all issues set forth herein.


_____
Donna Williams Rucker, Esquire