UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LATASHA M. COTTON, | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:05CV01047 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants | : |

DEFENDANT CHARLES RAMSEY'S
MOTION TO DISMISS

Defendant Charles Ramsey, by and through counsel, hereby moves this court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this action. In support of this motion the defendant relies on the attached memorandum of points and authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

MICHAEL A. STERN [354696]
Assistant Attorney General
Chief, Section II Civil Litigation

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile:  (202) 727-3625
E-mail: davida.jackson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATASHA M. COTTON, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants | C.A. No. 1:05CV01047 (RMU) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPOORT OF
DEFENDANT CHARLES RAMSEY'S MOTION TO DISMISS

Statement of the Case

This action arises out of the alleged false arrest of plaintiff Latasha M. Cotton by police officers of the Metropolitan Police Department (MPD) on or about June 7, 2004. Plaintiffs allege that Officer David C. Wallace and unknown MPD police officials and officers without justification placed plaintiff in handcuffs and threatened to arrest plaintiff if she (plaintiff) did not leave her home. As a result of these alleged actions by police officials, plaintiff claims (1) a violation of her civil rights (Counts I and II), false arrest and imprisonment (Count III), assault and battery (Count IV), negligent and intentional infliction of emotional distress (Counts V and VI, respectively) and negligence (Counts VII and IX). In addition to the District of Columbia and unknown police officials and officers, plaintiff has sued Chief of Police Charles Ramsey in his *official capacity* only. (Emphasis added) (See Caption of Complaint). Plaintiff does not allege that Chief Ramsey had any personal involvement in any of the alleged unlawful conduct.

<u>Argument</u>

1.   The complaint fails to state a claim upon which relief can be granted against Chief Ramsey in his official capacity and, therefore, the complaint against Chief Ramsey should be dismissed.

Plaintiff has sued Chief Ramsey in his official capacity only.  A suit against an employee of the District of Columbia in his or her official capacity must be treated as a suit against the District of Columbia.  *Arnold v. Moore*, 980 F. Supp. 28, 36 (D.D.C. 1997).   Thus, plaintiff cannot maintain this action against Chief Ramsey in his official capacity.

To the extent that plaintiffs are claiming that Chief Ramsey is vicariously liable for the alleged tortious acts of District agencies and employees, her claims must be dismissed.  Chief Ramsey is an employee of the District of Columbia.  It is well established that absent some direct involvement in the alleged misconduct, a supervisor, in this case Chief Ramsey, is not vicariously liable for the torts of subordinates.  *Jackson v. D.C.*, 412 A.2d 948 (D.C. 1980).  Here, plaintiff has not alleged that Chief Ramsey had any direct or indirect involvement in the events as alleged in the complaint.

Lastly, to the extent that plaintiff seeks to hold Chief Ramsey liable under 42 U.S.C. § 1983, the complaint also fails.  Under 42 U.S.C. § 1983, individual government employees cannot be held vicariously liable for the unconstitutional actions of others. *Arnold,* supra at 35 ("It is well settled that public officials are not vicariously liable for the acts of their subordinates.  *Respondeat superior* cannot form the basis for liability under § 1983"); *Fields v. District of Columbia department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) ("It is clear that fellow government employees cannot be held liable under the theory of *respondeat superior* for either constitutional or common law torts"). The individual defendant must be alleged to have *personally* committed or participated in the unconstitutional act.  *See, e.g., Nowlin v. Director, Dist. of Col. Dep't of Corr.*, 689

F. Supp. 26, 27 (D.D.C. 1988) (prerequisite to individual liability under § 1983 is "a showing of direct responsibility for the improper action").

Here, plaintiff alleges no personal involvement whatsoever by Chief Ramsey. The mere fact that Chief Ramsey is sued in his official capacity is insufficient to sustain a cause of action against him. *See Caldwell v. District of Columbia*, 901 F. Supp. 7, 10 (D.D.C. 1995) ("[P]laintiff's inferences need not be accepted if such inferences are unsupported by the facts set out in the complaint.") (internal quotations omitted).

## Conclusion

Because plaintiff's complaint fails to allege a single improper act or constitutional violation committed by Chief Ramsey the complaint should be dismissed in favor of Chief Ramsey.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Michael A. Stern/s/
MICHAEL A. STERN [354696]
Assistant Attorney General
Chief, Section II Civil Litigation


/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov