UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATASHA M. COTTON,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants | C.A. No. 1:05CV011047 (RMU) |

DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO THE COMPLAINT

Defendant District of Columbia, by and through counsel, responds to the complaint with particularity and in like-numbered paragraphs as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Jurisdiction

1.    The District recognizes the existence of the statutory authority cited in paragraph 1, but denies that it necessarily confers jurisdiction over the District and that venue is proper solely by reason thereof.

**PARTIES**

2.    The District admits that it is a municipal corporation authorized to sue and be sued and that it employs Chief Charles Ramsey. As to other allegations the District has insufficient information to admit or deny the allegations contained in paragraph 2 of the complaint.

3.  The District admits the allegations contained in paragraph 3 of the complaint.

4.  The District has insufficient information to admit or deny the allegations contained in paragraph 4 of the complaint.

5.  Paragraph 5 contains conclusions of law and, therefore, no answer is required.

## **FACTS**

6.  The District has insufficient information to admit or deny the allegations contained in paragraph 6 of the complaint.

7.  The District has insufficient information to admit or deny the allegations contained in paragraph 7 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

8.  The District has insufficient information to admit or deny the allegations contained in paragraph 8 of the complaint.

9.  The District has insufficient information to admit or deny the allegations contained in paragraph 9 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

10. The District has insufficient information to admit or deny the allegations contained in paragraph 10 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

11. The District has insufficient information to admit or deny the allegations contained in paragraph 11 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

12. The District has insufficient information to admit or deny the allegations contained in paragraph 12 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

13. The District has insufficient information to admit or deny the allegations contained in paragraph 13 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

14. The District has insufficient information to admit or deny the allegations contained in paragraph 14 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

15. The District has insufficient information to admit or deny the allegations contained in paragraph 15 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

16. The District has insufficient information to admit or deny the allegations contained in paragraph 16 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

17. The District has insufficient information to admit or deny the allegations contained in paragraph 17 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

18. The District has insufficient information to admit or deny the allegations contained in paragraph 18 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

19. The District has insufficient information to admit or deny the allegations contained in paragraph 19 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

20. The District has insufficient information to admit or deny the allegations contained in paragraph 20 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

21. The District has insufficient information to admit or deny the allegations contained in paragraph 21 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

22. The District has insufficient information to admit or deny the allegations contained in paragraph 22 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

23. The District has insufficient information to admit or deny the allegations contained in paragraph 23 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

## COUNT I
### (42 U.S.C 1983(sic) Violation)

24. The District incorporates its answers to paragraphs 1 through 23 as if separately set forth herein.

25. Paragraph 25 contains conclusions of law and, therefore, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

26. The District denies the allegations contained in paragraph 26 of the complaint.

## COUNT II
**(42 U.S.C Sections 1981, 1985 and 1986)**

27. The District incorporates its answers to paragraphs 1 through 26 as if separately set forth herein.

28. The District denies the allegations contained in paragraph 28 of the complaint.

29. The District denies the allegations contained in paragraph 29 of the complaint.

30. The District denies the allegations contained in paragraph 30 of the complaint.

31. The District denies the allegations contained in paragraph 31 of the complaint.

32. The District denies the allegations contained in paragraph 32 of the complaint.

33. The District denies the allegations contained in paragraph 33 of the complaint.

34. The District denies the allegations contained in paragraph 34 of the complaint.

## COUNT III
**(False Arrest & False Imprisonment)**

35. The District incorporates its answers to paragraphs 1 through 34 as if separately set forth herein.

36. The District denies the allegations contained in paragraph 36 of the complaint.

37. The District denies the allegations contained in paragraph 37 of the complaint.

38. The District denies the allegations contained in paragraph 39 of the complaint.

39. The District has insufficient information to admit or deny the allegations contained in paragraph 39 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

## COUNT IV
**(Assault & Battery)**

40. The District incorporates its answers to paragraphs 1 through 39 as if separately set forth herein.

41. The District denies the allegations contained in paragraph 41 of the complaint.

42. The District denies the allegations presented in paragraph 42 of the complaint.

43. The District denies the allegations presented in paragraph 43 of the complaint.

44. The District denies the allegations presented in paragraph 44 of the complaint.

45. The District denies the allegations presented in paragraph 45 of the complaint.

46. The District denies the allegations presented in paragraph 46 of the complaint.

## COUNT V
### (Negligent Infliction of Emotional Distress Defendant Wallace)

47. The District incorporates its answers to paragraphs 1 through 46 as if separately set forth herein.

48. Paragraph 48 contains conclusions of law and, therefore, no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

49. The District denies the allegations presented in paragraph 49 of the complaint.

50. The District denies the allegations contained in paragraph 50 of the complaint.

51. The District denies the allegations contained in paragraph 51 of the complaint.

## COUNT VI
### (Intentional Infliction of Emotional Distress Defendant Wallace)

52. The District incorporates its answers to paragraphs 1 through 51 as if separately set forth herein.

53. The District denies the allegations contained in paragraph 53 of the complaint.

54. The District denies the allegations contained in paragraph 54 of the complaint.

55. The District denies the allegations contained in paragraph 55 of the complaint.

56. The District denies the allegations contained in paragraph 56 of the complaint.

**COUNT VII**
**(Negligent Supervision and *Respondeat Superior*)**
**Ramsey, District of Columbia, John Doe Supervisor #1, John Doe Supervisor #2**

57. The District incorporates its answers to paragraphs 1 through 56 as if separately set forth herein.

58. Paragraph 58 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

59. The District denies the allegations contained in paragraph 59 of the complaint.

60. The District denies the allegations contained in paragraph 60 of the complaint.

61. Paragraph 61 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

62. Paragraph 62 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

63. The District has insufficient information to admit or deny the allegations contained in paragraph 63 of the complaint.

64. Paragraph 64 contains conclusions of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

65. The District has insufficient information to admit or deny the allegations contained in paragraph 65 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

66. The District has insufficient information to admit or deny the allegations contained in paragraph 66 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

67. The District has insufficient information to admit or deny the allegations contained in paragraph 67 of the complaint. To the extent that an answer is required, the District denies any wrongdoing.

68. The District denies the allegations contained in paragraph 68 of the complaint.

69. Paragraph 69 contains conclusions of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

70. The District denies the allegations contained in paragraph 70 of the complaint.

71. Paragraph 71 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

72. The District denies the allegations contained in paragraph 72 of the complaint.

73. Paragraph 73 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

## COUNT VIII
**(Equitable Relief)**

74. The District incorporates its answers to paragraphs 1 through 74 as if separately set forth herein.

75. Paragraph 75 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

## COUNT X
**(Negligence)**

76. The District incorporates its answers to paragraphs 1 through 76 as if separately set forth herein.

77. Paragraph 77 contains conclusions of law and of the pleader and, as such no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

78. The District denies the allegations contained in paragraph 78 of the complaint.

79. The District denies the allegations contained in paragraph 79 of the complaint.

80. The District denies the allegations contained in paragraph 80 of the complaint.

### THIRD DEFENSE

Further answering the complaint, the District denies all allegations not specifically admitted or otherwise answered, including allegations of, assault, excessive force, deprivation of co0nstitutional and civil rights, negligence and intentional infliction of emotional distress.

### FOURTH DEFENSE

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### FIFTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional, illegal or otherwise wrongful conduct.

### SIXTH DEFENSE

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the results of her own sole or contributory negligence and/or her assumption of the risk.

### SEVENTH DEFENSE

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

EIGHTH DEFENSE

If plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than the District, its agents, employees or servants acting within the scope of employment.

NINTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

ELEVENTH DEFENSE

The District asserts immunity, absence of bad faith and absence of gross negligence.

TWELFTH DEFENSE

The action may be barred by the statute of limitations.

THIRTEENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

FOURTEENTH DEFENSE

All actions taken by defendants relating to plaintiff were necessary, reasonable and carried out pursuant to lawful authority.

FIFTEENTH DEFENSE

Plaintiff has filed to exhaust her administrative remedies.

SIXTEENTH DEFENSE

The actions of District employees were not motivated by racial animus.

SEVENTEENTH DEFENSE

Plaintiff cannot prove a conspiracy in violation of 42 U.S.C. §§ 1985 and 1986.

SET-OFF

Defendant District of Columbia claims a set-off for any debts Plaintiff owed to it and for any benefits it may have given or conferred upon Plaintiff, including, without limitation, unpaid taxes, health and hospital care, the cost of any care or treatment of Plaintiff rendered or paid for by the Defendant through any means, Medicare or Medicaid, AFDC, GPF or any other benefit.

JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Wherefore, The District respectfully requests that this complaint be dismissed with prejudice.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General

        GEORGE VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/Michael A. Stern/s/
        MICHAEL A. STERN [354696]
        Assistant Attorney General
        Chief, Section II Civil Litigation

        /s/David A. Jackson/s/
        DAVID A. JACKSON [471535]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, N.W., 6 South
        Washington, D.C.  20001
        Direct Line: (202) 724-6618
        Facsimile:  (202) 727-3625
        E-mail: davida.jackson@dc.gov