UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LATASHA COTTON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 05-1047 (RMU) |
| | : | |
| v. | : | |
| | : | Document No.: 2 |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

GRANTING DEFENDANT RAMSEY'S MOTION TO DISMISS[1]

**I.    INTRODUCTION**

The plaintiff, Latasha Cotton, alleges that defendants the District of Columbia ("D.C."), D.C. Metropolitan Police Department ("MPD") Police Chief Charles Ramsey, MPD Officer David C. Wallace, two unnamed MPD supervisors, and two unnamed MPD police officers violated her constitutional and civil rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.  The plaintiff also alleges various common law offenses including false arrest and false imprisonment, assault and battery, negligent infliction of emotional distress, intentional infliction of emotional distress and negligence.  This matter is before the court on Police Chief Ramsey's motion to dismiss.  Specifically, the defendant asserts that because the plaintiff sues him in his official capacity only, the court must treat this suit as one against D.C., and, therefore, the plaintiff cannot maintain the claims against him.  Because the plaintiff's claims against the

---

[1]    Defendant Ramsey's motion to dismiss and this Memorandum Opinion pertain only to the claims against defendant Ramsey.  For simplicity, therefore, the court will refer to defendant Ramsey as "the defendant."

defendant are duplicative and unnecessary to the litigation, the court grants the defendant's motion.

## II. BACKGROUND

### A. Factual History

On the evening of June 7, 2004, the plaintiff and her neighbor engaged in a verbal altercation while outside the plaintiff's residence located at 1723 Capital Avenue, N.E., Washington, D.C. Compl. ¶¶ 6-8. The neighbor allegedly brandished a knife and threatened the plaintiff. *Id.* ¶ 6. Shortly thereafter, defendant Wallace arrived on the scene, and the neighbor retired to her residence. *Id.* ¶¶ 7-8. Upon Wallace's arrival, several bystanders informed him of the altercation between the plaintiff and her neighbor. *Id.* ¶ 9. The plaintiff alleges that defendant Wallace approached her and "pushed the back of her head forward, violently forcing her body forward, thereby tripping [her] and causing her to fall face first, hard to the ground," resulting in physical injuries. *Id.* ¶ 11. Then, defendant Wallace, allegedly without probable cause or reasonable suspicion, handcuffed the plaintiff and yanked her to her feet by pulling on the cuffs. *Id.* ¶ 14.

Although the plaintiff asserts that she told defendant Wallace about the confrontation with her neighbor, he allegedly failed to investigate the plaintiff's statement that the neighbor had threatened her with a knife. *Id.* ¶¶ 15, 17. Instead, defendant Wallace allegedly transported the handcuffed plaintiff to a nearby abandoned building and threatened to arrest her and turn her children over to Child Protective Services if she did not immediately leave the area. *Id.* ¶ 18. The plaintiff assured defendant Wallace that she would do whatever he wanted. *Id.* ¶ 21.

Thereafter, defendant Wallace released the plaintiff on the condition that she return home, collect her clothes and leave her residence with her children. *Id.* ¶ 22. Defendant Wallace waited in his patrol car for the plaintiff and her children to leave the area. *Id.* ¶ 23.

The plaintiff filed a report with the MPD against defendant Wallace, asserting that his actions violated D.C. Code § 5-123.02. *Id*. ¶¶ 67. Two supervisory officials from the MPD contacted the plaintiff on the same day as the incident to address the filed report, but she claims that the MPD undertook no formal investigation. *Id*. ¶¶ 67, 70.

### B. Procedural History

The plaintiff filed suit in this court on May 25, 2005, asserting various claims of deprivation of constitutional and civil rights, false arrest, false imprisonment, assault, battery and negligence. Compl. ¶ 1. On July 20, 2005, the defendant moved to dismiss the complaint against him arguing that because he is only named in his official capacity, the proper defendant in this action is D.C. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2. The defendant also asserts that any claims of his vicarious liability for alleged tortious acts of other D.C. agencies or employees cannot stand because he had no direct or indirect involvement in the events. *Id.* at 4. In addition, he argues that individual government employees cannot otherwise be held vicariously liable for the unconstitutional acts of others. *Id*. Interestingly, the plaintiff did not file an opposition to the defendant's motion. Pl.'s Resp. to the Order of the Court at 1. The court now turns to the defendant's motion.[2]

---

[2] Under these circumstances, the court can treat the defendant's motion as conceded. *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 40 (D.D.C. 2004) (citing *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003), *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002)). The court will, however, employ an abundance of caution and address the defendant's substantive points.

### III.    ANALYSIS

#### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all the elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-514 (2002), or "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F. 3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Development v. Ashcroft*, 333 F.3d 156, 165

(D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

    B.    **The Court Dismisses the Plaintiff's Claims Against Defendant Ramsey**

The defendant asserts that the plaintiff cannot maintain this official-capacity suit, and her claims cannot withstand a motion to dismiss. Def.'s Mot. at 4. Individual government officials sued in their official capacities are not personally liable for damages. *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Consequently, a suit "for damages against municipal officials in their official capacities is the equivalent to a suit against the municipality itself." *Id.* (addressing the matter of §1983 suits brought against municipal officials in their official capacities) (citing *Graham*, 473 U.S. at 165-66). Indeed, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

As discussed, the plaintiff here brings suit against the defendant only in his official capacity. Compl. As a result, the suit against the defendant functions as a suit against D.C. *Atchnson*, 73 F.3d at 424 (citing *Graham*, 473 U.S. at 166). Yet, the plaintiff also names D.C. as a defendant to this action, Compl., and D.C. has lodged its answer to the plaintiff's complaint. The court concludes, therefore, that it must treat the claims against the defendant as claims against D.C., and that including the defendant in this claim is consequently duplicative.

Duplicative cases suing government officials in their official capacity are "redundant and inefficient use of judicial resources," *Robinson v. Dist. of Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (citing *Cooke-Seals v. Dist. of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997), Moreover, the plaintiff's constitutional, statutory, and common law claims are all considered duplicative. *See e.g. Estate of Phillips v. Dist. of Columbia*, 257 F. Supp. 2d 69, 84 (D.D.C. 2003) (dismissing duplicative tort claims), *Rocha v. Baca*, 2000 WL 1909474, at *7 (C.D. Cal. Nov. 14, 2000) (dismissing duplicative constitutional and tort claims against members of the Los Angeles County Board of Supervisors sued in their official capacities in a suit against Los Angeles County); *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1185 (M.D. Ala. 1999) (dismissing claims of constitutional violations against a town mayor and police chief sued in their official capacities in a suit against the town).

The plaintiff's duplicative official-capacity suit against the defendant fails to state a claim upon which relief can be granted because she is suing an individual from whom she cannot recover. *Graham*, 473 U.S. at 166 (stating that an individual suing an official in his official capacity must look to the government entity itself for recovery). Therefore, the plaintiff cannot maintain these claims, and the court grants the defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court grants defendant Ramsey's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of March 2006.

                                            RICARDO M. URBINA
                                         United States District Judge