UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
LATASHA M. COTTON,                   :
                                     :
       Plaintiff,                    :
                                     :
                                     :    C.A. No. 1:05CV01047 (RMU)
       v.                            :
                                     :
DISTRICT OF COLUMBIA, *et al.,*      :
                                     :
       Defendants                    :
                                     :
_____:

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below and in the Defendants' motion for summary judgment, the Defendants are entitled to judgment as a matter of law.

**ARGUMENT**

**I.   Officer Wallace is entitled to qualified immunity and therefore, Counts I and II should be dismissed.**

Office Wallace is entitled to qualified immunity because he did not violated a clearly established constitutional right and his actions were objectively reasonable.

In opposing Officer Wallace's request to be granted qualified immunity Plaintiff asserts that "based on *United States v. Lanier*, 520 U.S. 259, 270 (1997), liability attaches to Officer Wallace." Plaintiff's Memorandum of Points and Authorities in Support of Her Opposition to Defendants' Motion for Summary Judgment ("Pl. Opp.") at 9. Plaintiff's reliance on *Lanier* is misplaced. *Lanier* was a criminal case in which a judge was convicted of raping several women in violation of a federal criminal statute, 18 U.S.C. § 242. There, the Supreme Court was asked

to decide whether the language of the federal criminal statute gave the accused "fair warning" that his conduct with unlawful. The Supreme Court discussed qualified immunity only in the context of the proper legal analysis to be applied to the "fair warning" doctrine. Thus, *Lanier* was not a case in which the Supreme Court had to determine qualified immunity and, therefore, Plaintiff's reliance *Lanier* is inappropriate.

Plaintiff also asserts that Officer Wallace is not entitled to qualified immunity because Officer Wallace lacks expert testimony and Plaintiff's expert has opined that "plaintiff was in fact arrested and [Officer Wallace] did not have probable cause." Pl's Opp. at 9-10. The issue of whether an officer is entitled to qualified immunity is a question of law to be determined by the trial court. *District of Columbia v. Jackson,* 810 A.2d 388, 393-94 (D.C. 2002). In deciding whether or not to grant qualified immunity the Supreme Court has stated that "police officers are often forced to make split-second judgments – in circumstances that are intense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation …" *Graham v. Connor*, 490 U.S. 386, 397 (1989). The Supreme Court cautioned that against the "20/20 vision of hindsight" in favor of deference to the judgment of the reasonable police officer on the scene. *Id.* Thus, as pointed out in Defendants' Motion for Summary Judgment, whether a police officer is entitled to qualified immunity must be evaluated from the perspective of a reasonable officer on the scene, and the use of hindsight must be avoided in order to determine the reasonableness of a police officer's conduct. *Id.* Plaintiff reliance on her expert's opinion is contrary to the Supreme Court's caution to avoid using "hindsight" when deciding issues of qualified immunity.

Here, Officer Wallace was alone and on routine patrol when he pulled onto Capital Avenue, where he observed a large crowd fighting. Wallace Depo. at 40-43. Officer Wallace

2

called for back up but got no response from the dispatcher. Wallace Depo. at 63. The crowd surrounded Officer Wallace's car but he was able to get out of his police car. Wallace Depo. at 64. Officer Wallace feared for his safety. Wallace Depo. at 64. Once Officer Wallace got out of his police car he ordered the crowd to disperse and a number of them did. Wallace Depo. at 61-62. Plaintiff then walked towards Officer Wallace and people shouted she has a knife. Pl's Ans. to Int. No. 7; Pl's Depo. at 42-43. Looking at these facts from the perspective of Officer Wallace no reasonable police officer facing the same situation would reasonably believe that if they "clipped" Plaintiff legs causing her to fall to the ground a constitutional right had been violated.

**II.     Count III should be dismissed because Plaintiff was not arrested and imprisoned.**

Defendants are entitled to judgment in their favor because Plaintiff was not arrested but merely detained for a brief period. Plaintiff claims that she was arrested because she was placed in handcuffs and made to sit on the steps of the building located next to her apartment building. Pl's Opp. at 14. In this case, Plaintiff was briefly detained by Officer Wallace because he feared for his safety as a result of the large fight that was going on. When a police officer fears for his safety, the use of handcuffs does not exceed the bounds of an investigatory stop, nor does it transform the stop to a formal arrest. *U.S. v. Atchley*, 474 F.3d 840, 849 (6th Cir. 2007).

Here, Officer Wallace handcuffed Plaintiff for his own protection and for the protection of others. Wallace Depo. at 64. Officer Wallace was on routine patrol and pulled into Capital Avenue. Wallace Depo. at 58, 67. He observed a crowd of 40-50 people in the street fighting, screaming and yelling. Wallace Depo. at 58-60. Plaintiff herself testified that there was a crowd in the street when Officer Wallace pulled up but Plaintiff did not recall how large the crowd was. Pl's Depo at 40-43. Officer Wallace tried to call for back up but had no response from the

dispatcher. Wallace Depo. at 63. The crowd surrounded Officer Wallace's patrol car and, being the only police officer on the scene, it would have been reasonable for him to fear for his safety. Under these circumstances, the handcuffing of Plaintiff did not turn her briefing detention into a formal arrest.

Plaintiff does not address the Defendants' assertion that Plaintiff was not imprisoned and, therefore, the court should consider the issue as conceded and enter judgment for the Defendants on the Plaintiff's false imprisonment claim.

Since Plaintiff was not arrested or imprisoned Count II should be dismissed.

**III.     Count IV should be dismissed because the force used by Officer Wallace was not excessive.**

Plaintiff asserts that the force used by Officer Wallace was excessive. In order for Plaintiff to prevail on her claim for assault and battery Plaintiff must prove that the force used by Officer Wallace was clearly excessive. *Jackson v. District of Columbia,* 462 A.2d 948-955-956 (D.C. App. 1980); *Gabrou v. May Department Stores Co*., 462 A.2d 1102, 1105, n.4 (D.C. App. 1983).   Plaintiff's claim must fail because the amount of force used by Officer Wallace was not clearly excessive.  In *Robinson v. District of Columbia, et al*., 2006 U.S. LEXIS 68122 September 21, 2006 Decided) (Lamberth, J.) the court found that a police officer did not use excessive force when the officer pushed and shoved plaintiff onto the hood of a car and handcuffed plaintiff tightly enough to cause swelling and abrasions, but plaintiff suffered no ongoing or permanent injuries.

Similarly in these cases, Plaintiff claims that Officer Wallace "clipped" her legs and pushed her down. Pl's Depo at 44, 54.  Plaintiff claims that when she hit the ground she scraped her knee which was bleeding. Pl's Depo at 55.  Plaintiff also claims that she fell on one breast which subsequently became swollen and the swelling lasted a couple of days.  Pl's Depo at 105.

4

Plaintiff did not suffer any permanent injuries.  Plaintiff saw her doctor once and was prescribed Motrin.  Pl's Depo at 105-107

On these facts no reasonable jury could find that the force used by Officer Wallace was clearly excessive.  Therefore, Count IV should be dismissed.

**IV.     Plaintiff's claim for negligent infliction of emotional distress (Count V) and negligence (Count IX) should be dismissed because Plaintiff alleges conduct that can only be characterized as an intentional tort.**

Plaintiff asserts that the Defendants are not entitled to summary judgment on her negligence claim because she has properly pled negligent conduct.  In opposing the Defendants' motion for summary judgment, Plaintiff relies on *District of Columbia v. White, et al.*, 442 A.2d 159 (D.C. App. 1982).   Contrary to Plaintiff's assertions, the *White* case is distinguishable from this case.  The White case concerned allegations that the defendant police detective violated a DC statute and MPD police regulations.  *Id*. at 163.

Here, Plaintiff does not allege that Officer Wallace violated a DC statute or MPD regulation.  In Count V Plaintiff alleges only that Officer Wallace was negligent when he "acted with extreme and outrageous conduct when he forcibly arrested plaintiff, falsely imprisoned plaintiff, used excessive force …" Compl. ¶ 49.  Plaintiff further alleges in Count V that "Defendant Wallace carried out his actions against plaintiff was malice and his conduct was intentional and egregious."  Compl. ¶ 51.   In Count IX, Plaintiff alleges that the Defendants breached their duty of care when plaintiff was "falsely arrested, imprisoned and her constitutional rights were violated." Compl. ¶ 78.  It is clear that the conduct Plaintiff complains about is intentional in nature rather than negligent conduct.  These allegations are precisely the type of claims of negligence that the D.C. Court of Appeals has rejected in *Maddox v. B.A. Bano, et al.*, 422 A. 2d 763, 765 (D.C. App. 1980), *Sabir v. District of Columbia*, 755 A.2d 449, 452,

(D.C. 2000), *District of Columbia v. Tinker*, 691 A.2d 57 (D.C. 1997) and *District of Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003),.  Thus, the Defendants are entitled to judgment as a matter of law.

**V.    Plaintiff cannot make out a viable claim for intentional infliction of emotional distress and therefore, Count VI should be dismissed.**

Plaintiff asserts that the Defendants are not entitled to summary judgment on the intentional infliction of emotional distress claim because Plaintiff suffered from anxiety, was made to sit on steps of the building next door, the handcuffs were tight, Plaintiff believed that she was going to jail and that her children would be taken away from her. Pl's. Opp. at 22. Looking at these facts in the light most favorable to Plaintiff the Defendants are still entitled to judgment as a matter of law.

First, as to Plaintiff's anxiety attack, there is no evidence that Officer Wallace knew that Plaintiff had a history on anxiety attacks or that placing Plaintiff in handcuffs would bring on an anxiety attack.  In *Drejza v. Vaccaro*, 650 A.2d 1308 (D.C. App. 1994), plaintiff, a rape victim, was interviewed by a police detective who during the course of the interview and subsequent investigation ridiculed plaintiff, suggested that the rape was plaintiff's fault, characterized the rape as a domestic dispute, through plaintiff's own panties back at her and bullied plaintiff into signing a statement saying that plaintiff did not want to press charges.  *Id.* 1309-1310.  In that case the Court of Appeals held that because the detective worked in MPD Sex Offender Branch, the detective should have known that a rape victim would be peculiarly susceptible to emotional distress and, therefore, the detective's conduct was outrageous.  *Id*.

In this case, there is no evidence that Officer Wallace had any prior knowledge that Plaintiff was peculiarly susceptible to anxiety attack.   Nor is there any record evidence that Officer Wallace ridiculed Plaintiff or treated Plaintiff in any harsher manner because of her

6

alleged anxiety attack.  There is not evidence that Plaintiff requested medical attention and Officer Wallace refused to call for an ambulance.   In fact Plaintiff testified that she was able to calm herself down once her sister arrived on the scene.  See, Def's MSJ, Exhibit 2 at 77 and 85.

Second, Plaintiff claims that by being handcuffed and allegedly being told that she was going to jail and her children would be taken away from her constitutes extreme and outrageous conduct is also without merit.  In *Rogala v. District of Columbia, et al.*, 161 F.3d 44 (D.C. Cir. 1998), the United States Court of Appeals for the District of Columbia upheld the trial court's dismissal of plaintiff intentional infliction of emotional distress claim where plaintiff alleged that the police officer repeatedly threatened to arrest her, "yelled and cursed" at plaintiff, "ignored her request to retrieve her purse and bracelet after she was a arrested, told her that he wanted her to see what it was like being arrested, laughed at her hearing impairment, laughed when she cried and detained her for an unnecessarily long time at the station." Id. 57-58.  The trial court found and the Court of Appeals agreed that this conduct did "not rise to the level of truly outrageous conduct as to go beyond all possible bounds of decency."  Id.

Likewise, in this case, the conduct that Plaintiff complains of does not rise to the level of extreme and outrageous conduct from which a reasonable jury could find in favor of the Plaintiff on her intentional infliction of emotion distress claim.  Therefore, the Defendants are entitled to judgment as a matter of law and Count VI should be dismissed.

**VI.    Plaintiff's expert has not rendered an opinion to establish that the District Columbia negligently supervised Officer Wallace and, therefore, Count VII should be dismissed.**

Plaintiff asserts that this court should deny the Defendants motion for summary judgment because her expert will be able to prove that supervisor's were negligent in failing to supervise Officer Wallace.  Plaintiff assertion is without merit.

The language of Rule 26(a) (2) (B) is mandatory.  Pursuant to Rule 37 (c) (1), a party who without justification fails to disclose the required information is prohibited from using such testimony at trial.  *West, et al. v. Dacey, et al*., 2004 U.S. App. LEXIS 14140 (no abuse of discretion when expert was excluded for failure to comply with Rule 26 (a)).

In this case, Plaintiff's expert report does not set forth a standard of care relative to police supervision.  Moreover, the Plaintiff's expert does not opine that the District breached its duty to the supervision of Officer Wallace and the breach of that duty was the proximate cause of Plaintiff's alleged injuries. Since Plaintiff's expert report fails to meet the requirement of Rule 26 (a) (2) (B). Therefore, Count VII should be dismissed, as well as Counts V and IX.

**VII.    To the extent that Plaintiff brings a constitutional claim against the District of Columbia pursuant to 42 U.S.C. § 1983, that claim must be dismissed because plaintiff cannot show that the alleged deprivation of her constitutional rights was caused by policy, custom or practice of the District of Columbia.**

Plaintiff claims that the District can be held liable under the facts of this case for the alleged violation of Plaintiff's constitutional rights. The law in this area is well settled.  A municipality cannot be held liable under 42 U.S. C § 1983 on the theory of respondent superior. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Triplett v. District of Columbia*, 108 F. 3d 1450, 1453 (D.C. Cir. 1997); *Hunter v. District of Columbia*, 943 F. 2d 69, 74 (D.C. Cir. 1991); *Graham v. Davis*, 880 F. 2d 1414, 1421 (D.C. Cir. 1989).  In order to state a claim against the District, plaintiff must allege that the deprivation of her constitutional rights was caused by a policy, custom or practice of the District. As explained in *Monell,* the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate her injury was caused by a policy or custom of the District.  436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).  According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. at 694.

Contrary to Plaintiff's assertion, Officer Wallace is not a policymaker and any alleged unconstitutional conduct on his part will not make the District liable under §1983. In support of the District's request for summary judgment in its favor, the District relies on the argument set forth in the Defendants' motion for summary judgment.

**VIII. Plaintiff does not address the Defendants' argument relating to her claims pursuant to 42 U.S.C. §1981, § 1985 and §1986 and therefore, judgment should be entered in favor of the Defendants on these claims.**

This court should consider Defendants §§ 1981, 1985 and 1986 claims as conceded because Plaintiff in her opposition has not opposed the Defendants request for judgment in their favor on these claims.

Conclusions

For the forgoing reasons, the Defendants' motion for summary judgment should be granted.

    Respectfully submitted,

    LINDA SINGER
    Attorney General

    GEORGE VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    NICOLE L. LYNCH [471953]
    Assistant Attorney General
    Civ. Lit. Div., Chief Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov