IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LATASHA M. COTTON, : | |
| : | |
| Plaintiff, : | |
| : | Case No.:1:05 CV0147(RU) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA : | |
| GOVERNMENT, ET AL. : | |
| : | |
| Defendants, : | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT AS TO COUNT'S I, III, IV AND VII, AND DISMISSING COUNTS V AND IX.**

COMES NOW, plaintiff, Latasha Cotton, by and through her undersigned counsel, seeking reconsideration of the Court's Order dated March 31, 2008, and in support therefor, states as follows:

1. Defendant Wallace did not make a valid *Terry* stop;

2. Assuming, *arguendo*, that defendant Wallace executed a valid *Terry* stop, he went well beyond a brief stop;

3. There are many factual disputes, the determination of which fact to believe is critical to the case, and should be decided by a jury;

4. Defendant Wallace is not entitled to qualified immunity on these facts. Moreover, any award by the court of qualified immunity is contingent upon which version of the disputed facts is accepted.

5. Plaintiff's position in this request for reconsideration is more fully set forth in the accompanying Memorandum of Points And Authorities which is incorporated herein by reference.

6. Plaintiff also incorporates herein by reference plaintiff's Opposition to Defendants' Motion to Dismiss and the Statement o material facts in dispute.

WHEREFORE, based on the foregoing, Plaintiff Latasha Cotton respectfully requests that this Honorable Court reconsider its Order Granting Summary Judgment As to Counts I, III, IV, and VII, And Dismissing Counts V and IX, and grant such other and further relief as deemed just and proper.

Respectfully submitted,

By:   /s/Donna Williams Rucker
Donna Williams Rucker, 446713
DuBoff & Associates, CHTD.
METRO PLAZA ONE
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **LATASHA M. COTTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No.:1:05 CV0147(RU) |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA GOVERNMENT, ET AL.** | : | |
| | : | |
| **Defendants,** | : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION FOR RECONSIDERATION OF THE ORDER GRANTING SUMMARY JUDGMENT AS TO COUNTS I, III, IV AND VII, AND DISMISSING COUNTS V AND IX.**

Based on the evidence and the vigorously disputed facts in this case, the question as to whether or not plaintiff's Constitutional rights were violated and whether defendant Wallace is entitled to qualified immunity are questions for a jury. Defendants are not entitled, under Fed. R. Civ. P. 56(c), to judgment as a matter of law as to Counts I, III, IV, VII because there genuine issues of fact material to this case. Under Rule 56, A "genuine issue" is one whose resolution could establish an element of a claim or defense and therefore affect the outcome of the action.

I. **Even If Officer Wallace Had Reasonable Suspicion to Conduct An Investigative Stop, His Entitlement To Detain Plaintiff Did Not Go On Forever So Under These Facts He Is Not Entitled to Qualified Immunity**

The Court in its Memorandum Opinion states at page 10 that "Wallace was under no obligation to initially trust the word of bystanders as to whom was the instigator or who was or was not armed; this information is the proper subject of investigation." The Court concludes that it was not unreasonable to undertake a stop and investigate the

3

remaining individual involved in the altercation that reportedly involved a weapon. However, the Court accepts the defendants' assertion that Officer Wallace detained plaintiff for only twenty minutes. The length of time plaintiff was detained is disputed by plaintiff in her opposition to defendants' motion to dismiss and in plaintiff's Statement of Material Facts in Dispute at number 37. It is defendant Wallace who offers to this Court that plaintiff was detained for only twenty minutes. However, in her opposition to defendants' motion to dismiss, plaintiff points out that the deposition cite offered by the defendants' that allegedly established that plaintiff was detained for only twenty minutes does not in fact state such at all.

Furthermore, plaintiff was arguably still under Officer Wallace's detention when he took off the handcuffs because he released her but she was restricted in her freedom. Officer Wallace released plaintiff with the order that she go and get her clothes and children and leave her home or face arrest or the loss of her children. To this end, he waited outside of plaintiff's home to assure that she left her residence. Clearly, at this juncture, Officer Wallace's investigative stop under *Terry v. Ohio*, 392 U.S. 1 (1968), had long since concluded. Therefore, it calls into question whether or not the *Terry* detention was legal for the duration of plaintiff's detention.

Officer Wallace had plaintiff in handcuffs and detained when Sgt. Houser arrived at the scene. Officer Wallace told Sgt. Houser that the person who had the knife fled the scene.[1] It is abundantly clear that at that moment, any entitlement Officer Wallace had to a *Terry* stop is over. Officer Wallace determined that plaintiff was a victim. Yet, he not only continued to detain plaintiff, he forced her to vacate her home with the treat of jail and the removal of her children.

---

[1] Exhibit 7 to Plaintiff's Opposition to Defendants' Motion to Dismiss at Pg. 53, 7-12).

While plaintiff was in custody, Officer Wallace questioned the people in front of plaintiff' building and one of the people was Denise Robertson, the assailant. At this juncture, Officer Wallace is not ascertaining facts of the case as regards a *Terry* stop; he is asking questions about plaintiff's children.[2] Here is another example of Officer Wallace continued detention of plaintiff well beyond a brief *Terry* investigatory stop.

In its Memorandum Order, the Court points out that in evaluating plaintiff's Section 1983 claim in which a defendant has raised the qualified immunity defense, the court must follow a two-pronged analysis. *Butera v. District of Columbia*, 235 F.3d 637, 646 (D.C. Cir. 2001) (citing *Wilson v. Layne,* 526, U.S. at 609). First, the court must determine whether the plaintiff has alleged the deprivation of an actual constitutional right. *Id.*; *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the court must decide whether the constitutional right was clearly established at the time of defendant's' action. *Butera,* 235, F.3d at 646 (quoting *Anderson v. Creighton,* 483 U.S. 635, 639 (1987).) A Right is "clearly established" if "the contours of that right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Wilson*, 526 U.S. at 614-15); *see Crawford-El v. Britton,* 523 U.S. 574, 591 (1998) (stating that "[i]f the law was clearly established, the immunity defense should fail, since a reasonable competent public official should know the law governing his conduct").

After this consideration, the Court concludes that Officer Wallace initiated a *Terry* stop. The next inquiry turned on whether the *Terry* stop was legal. It is clear that *Terry* requires that there be a brief detention. However, how long plaintiff was detained is a fact disputed in this case. *Terry* would have authorized Officer Wallace to make a

---

[2] Exhibit 1 to Plaintiff's Opposition to Defendants' Motion to Dismiss at Pg. 75, 3-5).

5

brief investigative stop if there is reasonable suspicion of criminal conduct. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). In its Memorandum Opinion, this Court has accepted as true the disputed fact that plaintiff was only detained for twenty minutes. How long plaintiff was detained is a classic example of a dispute as to a genuine issue of fact material to this case. The resolution of this fact by the Court in Officer Wallace's favor has established a defense of qualified immunity for Officer Wallace. The disputed facts should be resolved by a jury, and it is for this reasons and the reasons articulated throughout this motion that plaintiff asks this Honorable Court to reconsider it ruling as to plaintiff's Section 1983 claims.

As to Count I, excessive force, this Court concluded that it was reasonable that Officer Wallace felt his own safety and the safety of others was at issue. However, plaintiff has disputed that Officer Wallace was in fear of his safety. Plaintiff especially disputes that Officer Wallace was in fear of his safety during plaintiff's entire detention.[3] Again, whether Officer Wallace was in fear of his safety is a material fact in dispute. The Court's acceptance that it was reasonable for Officer Wallace to fear for his own safety again resolved a material disputed fact in the defendants' favor. The resolution establishes a defense of qualified immunity for Officer Wallace as to excessive force. The Court resolves this disputed fact in favor of Officer Wallace despite his own testimony and the testimony of Sgt. Houser. Sgt. Houser testified that based on the statement that Officer Wallace gave in this case, he did not have any basis to use force

---

[3] Officer Wallace testified in his deposition that he got out of his car and the crowd disbursed at his command. (pg 61, 14-15; pg. 62, 1-3.) He next stated that he was only in fear of his safety until the crowd disbursed. Based on this assertion, a reasonable juror could find that Officer Wallace, at the time he confronted plaintiff, he was not in fear of his own safety.

against plaintiff.[4]  Also, Officer Wallace admits that he never frisked plaintiff.  His failure to do so support's plaintiff's assertion that Officer Wallace knew that she did not have the knife and that he was not in fear of his safety.

The *Terry* stop does not go on indefinitely.  It is a question for jury whether Officer Wallace held plaintiff well beyond what a valid *Terry* stop authorized.  Plaintiff expert is prepared to testify that Officer Wallace's actions given the circumstance were not reasonable.  And, his actions were clearly not reasonable after he was able to determine that plaintiff was a victim.

A jury should be permitted to determine from the disputed facts exactly when plaintiff was determined by Officer Wallace to be a victim, and whether he was in fact in fear of his safety given his own testimony.  It should not be overlooked that Officer Wallace's credibility, as well as plaintiff's credibility play an important role in this matter.  Officer Wallace is giving a statement in hindsight to justify actions that are now a basis of a lawsuit.  What actually occurred with Officer Wallace at the time of the incident must be examined not only to justify his actions on the scene, but also to test the credibility of what is offered in defense of this lawsuit.  To do anything less would permit any public official who has the benefit of hindsight to justify his actions based on what was reasonable even if it is contradicted by the actual facts in a case.

Plaintiff's extended detention by Officer Wallace beyond any alleged investigative stop became an arrest.  Plaintiff's expert stated, in his uncontroverted report, that Officer Wallace did not have probable cause to arrest plaintiff.  Therefore, Officer Wallace violated plaintiff's Constitutional rights, these rights were clearly defined and a

---

[4] Exhibit 8 to Plaintiff's Opposition to Defendants' Motion to Dismiss at Pg. 219, 12-21).

reasonable prudent officer would have known that the continued detention of plaintiff after she was determined to be a victim violated her rights.

As to Count III, plaintiff's false arrest and false imprison claims, plaintiff asks this Court to reconsider granting summary judgment as to these claims based on the arguments made above challenging that Officer Wallace made a legal *Terry* stop and is therefore entitled to qualified immunity.

As to Count VII, *Respondeat Superior,* plaintiff asks for reconsideration based on the arguments presented throughout this motion since the bases for granting summary judgment as to this count was based on the Court concluding that Officer Wallace had qualified immunity and therefore plaintiff's Constitutional rights were not violated.

As to Count IV, plaintiff seeks reconsideration of the dismissal of the assault and battery claims for the reasons articulated above.

As to Counts V and IX plaintiff will file a motion seeking leave to file an amended complaint.  There will be no prejudice to the defendant since plaintiff's case has been predicated on the negligence of both Officer Wallace and the District of Columbia. These issues were dealt with throughout the litigation of this case.

Given this evidence in this case, Officer Wallace is not entitled to qualified immunity and each Count of Plaintiff's complaint dismissed by the Court based on qualified immunity should be reinstated.

II.   <u>Whether Or Not Officer Wallace Had Reasonable Suspicion Enough To Detain Plaintiff Turns On The Facts In This Case And Credibility And Should Be Decided By A Jury</u>

Plaintiff asserts that Officer Wallace knew when he came on the scene that she was a victim.  Plaintiff stated that she and the bystanders so informed Officer

Wallace. At some point, it is undisputed that Officer Wallace determined that plaintiff was a victim and that what she and the bystanders were telling him was true. A jury should determine when this was decided and whether qualified immunity is warranted.

Officer Wallace tells a different story. But, the evidence shows that Officer Wallace prepared a police report identifying plaintiff as a "victim". Although Officer Wallace knew that plaintiff was a victim, he conditioned her release on her leaving her home. Then Officer Wallace waited outside of her apartment complex for her to pack up ad leave. He threatened to arrest plaintiff and take her children and place them with Child Protective Services if she did not leave.

The Court, in the Memorandum Opinion accepted Defendant Wallace's version of what occurred, namely, that he had to detain plaintiff because he could not determine what girl everybody was talking about. However, based on the report Officer Wallace prepared and submitted in this case, he clearly determined at some point that plaintiff was a victim. However, for the purposes of concluding that a valid *Terry* stop occurred, when Officer Wallace reached that conclusion is critical.

To reach the decision in this case that Officer Wallace had reasonable suspicion to detain plaintiff, the Court had to make a determination that Officer Wallace's version of the facts was more credible than Plaintiff's. Given the difference of the factual allegations in this case, a jury should decide whether Officer Wallace in fact had, at the time of the event, reasonable suspicion, and whether Officer Wallace's version of the facts deserves more credence than Plaintiff's version.

Today, Officer Wallace's assertions are with the benefit of hindsight. A review of the evidence in this case, depending on the version accepted, provides a

9

challenge to Officer Wallace's hindsight version. It is critical to this case that Officer Wallace actually believed when he arrived at the scene. Specifically whether he was in fear of his safety. Officer Wallace's action of exiting his vehicle and not calling for back-up calls that assertion into question. Also, whether he reasonably believed that plaintiff was a suspect or a victim is a valid question for the jury.

WHEREFORE, Based on the foregoing, and in the interest of justice, plaintiff respectfully requests that this Honorable Court reinstate Counts I, III, IV ad VII. As to Counts V and IX, plaintiff will file a motion to amend her Complaint to address the Court's ruling as to Counts V and IX.

Respectfully submitted,

By:  /s/Donna Williams Rucker
Donna Williams Rucker, 446713
DuBoff & Associates, CHTD.
METRO PLAZA ONE
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131    Office
(301) 587-1872    Facsimile