UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LATASHA M. COTTON, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 1:05-CV-1047 (RMU) |
| DISTRICT OF COLUMBIA, *et al.,* | : | |
| Defendants | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT AS TO COUNTS I, III, IV AND VII AND DISMISSING COUNTS V AND IX**

In opposition to Plaintiffs' motion to reconsider, Defendants District of Columbia and Officer David Wallace respectfully submit that this Court correctly granted their motion for summary judgment for the reasons stated in the Court's memorandum opinion. Plaintiff now seeks to have this Court reconsider its memorandum opinion granting the Defendants summary judgment only as to Counts I, III, IV and VII. Plaintiff does not seek reconsideration as to Counts II, V, VI, VIII and IX.

Plaintiff's motion for reconsideration should be denied because the motion fails to meet the "stringent standard" under Fed. R. Civ. P. 59(e). *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotations omitted). Plaintiffs' motion for reconsideration fails to show that there has been a

change in the law, fails to set forth any new evidence, fails to demonstrate a need to correct a clear error or the need to prevent manifest injustice. Plaintiff's motion merely re-argues her opposition to the Defendants' motion for summary judgment.

**1.      Officer David Wallace is entitled to qualified immunity.**

Plaintiff argues that Officer Wallace is not entitled to qualified immunity because his detention of Plaintiff was to allegedly long. While Plaintiff attempts to support her argument by simply citing to *Terry v. Ohio*, 392 U.S. 1 (1986), she fails to set forth a cognizable legal argument as to why this court's grant of qualified immunity to Officer Wallace was clear error.

Plaintiff's motion for reconsideration is simply an attempt to re-argue the same argument previously presented. Plaintiff points to no new evidence to justify vacating this Court's decision as set forth in its memorandum opinion. According to Plaintiff, this Court should not have accepted the Defendants' assertion that Plaintiff was handcuffed for approximately twenty-minutes. Defs' MSJ at 12. Plaintiff claims that there is a factual dispute as to the length of time Plaintiff had been handcuffed. (Pl's Mo. For Recon. at 3-4). In attempting to create a disputed fact Plaintiff relies on her deposition testimony. (Plaintiff's Opp. to MSJ, Exhibit 1, at 85-86) However, Plaintiff's own testimony does not establish that she was handcuffed longer than twenty-minutes. Plaintiff testified at her deposition as follows:

> Q     How long were you in handcuffs?
> A     A long time.
> Q     For how long?
> A     I can't – I can't give you an estimate of time, but I was in handcuffs a very long time.
> Q.    Do you know if it was more than 15 minutes?
> A     Yeah, it was more than 15 minutes.
> Q     More than an hour?

>> A   I wouldn't be able to tell you that because at that time I wasn't timing myself, but I was in handcuffs a long time.

Plaintiff's Opp. to MSJ, Exhibit 1, at 85-86   Thus, the best Plaintiff can say is that she was in handcuffs for more than fifteen minutes.   The Court's reliance on the Defendants' assertion that Plaintiff was in handcuffs for approximately twenty-minutes was not erroneous and Plaintiff has offered no new evidence to the contrary.  It is important to note that Plaintiff does not cite to any portion of the record but merely makes the generalizations that there is allegedly a dispute as to the facts, particularly the length of detension.

Plaintiff also argues that Officer Wallace was not entitled to qualified immunity because after he took the handcuffs off Plaintiff he waited outside her home to assure that she left her home with her children as Officer Wallace ordered her to do.  (Pl's Mo. For Recon. at 4).   The record evidence does not support this contention by Plaintiff.   Plaintiff testified that when she went into her apartment Officer Wallace was sitting in his police car "writing something down." (Plaintiff's Opp. to MSJ, Exhibit 1, at 88).   Plaintiff testified that thereafter, Officer Wallace gave her a copy of a police report.  *Id.*   Thus, the purpose of Officer Wallace continued presence in there area was to complete his police report rather than to make assure himself that Plaintiff left her home.   There is no record evidence and Plaintiff has pointed to no new evidence that when Officer Wallace gave Plaintiff the police report that he again demanded that Plaintiff leave her home with her children.

Plaintiff also claims that Officer Wallace is not entitled to qualified immunity because under the circumstance of this case, it was not reasonable that Officer Wallace felt "his own safety and the safety of others was at issue."  (Pl's Mo. For Recon. at 6).   Nothing could be further from the truth.  When Officer Wallace drove on to Capital Avenue, NE, he observed a

3

large crowd fighting in the street. (Wallace Depo. at 58-60, 67 attached as Exhibit 1 to Def's MSJ).  Plaintiff herself admits that there was a crowd in the street when Officer Wallace pulled up. (Pl's Depo. at 40-43 attached as Exhibit 2 to Def's MSJ).   The crowd surrounded Officer Wallace's police car and he feared for his safety.  (Wallace Depo. at 64, attached as Exhibit 1 to Def's MSJ).   Once Officer Wallace got out of his police car, Plaintiff approached him and people in the crowd shouted she has a knife. (Pl's Ans. To Int No. 7 and Pl's Depo. at 43 attached as Exhibits 2 and 3, respectively, to Def's MSJ).   On these facts, it can be a reasonable inference that a police officer alone in the mist of a group where a fight has occurred would have concerns about his safety and the safety of others.  There is nothing unreasonable about this Court's reasoning that Officer Wallace was legitimately concerned for his safety.

This Court correctly granted qualified immunity.  Qualified immunity shields government officials performing discretionary functions from liability for actions brought under 42 U.S.C. 1983, provided that their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *Wilson v. Layne*, 526 U.S. 603, 609 (1999).   The Supreme Court has recognized that qualified immunity protects from suit "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, (1986).   Police officers, specifically, should not have to refrain from performing their duties to the best of their abilities for concerns of civil liability, unless they are violating a clearly established right. *District of Columbia v. Evans*, 644 A.2d 1008, 1016 (D.C. 1994).   The issue of whether an officer is entitled to qualified immunity is a question of law to be determined by the trial court. *District of Columbia v. Jackson,* 810 A.2d 388, 393-94 (D.C. 2002).

Officer Wallace is entitled to qualified immunity because he did not violate a clear established constitutional right.  The inquiry of whether a right was clearly established at the

4

time of the purported violation "must be undertaken in light of the specific context of the case, and not as a broad, general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001);. In order to determine what is required for a particular right to be "clearly established" in the context of qualified immunity, the Court in *Hope v. Pelzer*, stated that:

> [f]or a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, *see Mitchell [v. Forsyth,* 472 U.S. 511, 535 n.12], but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

536 U.S. 730, 739 (2002),    "The salient question" for a court [ ] is "whether the state of the law [at the time of the state action] gave respondents fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Id.*  According to the United States Supreme Court, facts must be evaluated from the perspective of a reasonable officer on the scene, and the use of hindsight must be avoided in order to determine the reasonableness of a police officer's conduct. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Based on these well establish legal principle that govern quality immunity, this Court correctly ruled that Officer Wallace was entitled to qualified immunity. Thus, since Plaintiff's motion for reconsideration fails show that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" the motion should be denied. *Firestone supra.*

**2.      Plaintiff's motion as to Counts III, IV and VII should be denied.**

Plaintiff argues that Counts III, IV and VII should be re-instated for the same reasons that support her arguments that Officer Wallace is not entitled to qualified immunity. Again, Plaintiff fails to set forth any new legal or factual bases for this Court to reverse its grant of summary

5

judgment as to these Counts.   Moreover, the legal principles that justify qualified immunity are not the same for false arrest and false imprisonment (Count III), assault and battery (Count IV) and negligent supervision (Count VII).   These common law claims do not require a constitutional analysis as is required for qualified immunity.   Thus, Plaintiff's reliance on her qualified immunity argument to support re-instatement of these common law claims is misplaced.   As such, Plaintiff's motion for reconsideration should be denied.

## CONCLUSION

Plaintiff has failed to set forth any new law or facts to support her motion for re4consderation and, therefore, her motion should be denied.  Further, the Defendants rely on and incorporate herein by reference all of their argument set forth in their motion for summary judgment, which was correctly granted by this Court.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH [471953]
Assistant Attorney General
Civ. Lit. Div., Chief Section II

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov